UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RYAN FRASER, REX WAKAMATSU, )
and JOSHUA KINNUNEN, )
                                       Plaintiff(s),   )     Case No. 2:09-cv-0356-RLH-RJJ
                                       vs.                        )     **O R D E R**
                                                         )     (Motion to Remand–##7 and 8)
PAUL STEEN, DOUG ANDRUS )
DISTRIBUTING, INC., )
                                       Defendant(s).  )
_____)

        Before the Court is **Plaintiff's [sic] Motion to Remand Action to District Court for the State of Nevada** (#7, and refiled as #8, on March 4, 2009). Defendants' Opposition (#9) was filed March 26, 2009.

        This action was filed in the State Court, where the allegations of damages are, by rule, limited to the phrase, "in excess of $10,000." The case was removed to this Court on the basis of diversity. 28 U.S.C. §1441. The motion to remand is based upon § 1332(a). Plaintiffs claim that Defendants have failed to establish this case meets the $75,000 jurisdictional requirement for diversity actions.

        Plaintiffs cite *Snyder v. Harris*, 394 U.S. 332 (1969) for the proposition that Plaintiffs' claims cannot be aggregated in order to satisfy jurisdictional amounts requirements. However, *Snyder* is a class action case. The Court does not find it dispositive. Plaintiffs were involved in a common accident and have filed the claims in the same lawsuit. Mr. Wakamatsu has made a settlement demand of $106,500. Mr. Kinnunen has made a settlement demand for $14,500.

1  Mr. Fraser has made a settlement demand of $28,000.  There are not only demands for medical bills,
2  but claims for additional monetary damages for future medical bills, pain and suffering and
3  attorneys' fees and costs.
4        A settlement demand which exceeds the jurisdictional diversity threshold of $75,000
5  satisfies the preponderance of evidence requirement; absent an express disavowal by Plaintiff.  *See*
6  *e.g. Cohn v. Petsmart, Inc.*, 381 F.3d 837, 840 (9th Cir. 2002).  Plaintiff has not disputed the
7  settlement demands.
8        In civil actions where the district court has original jurisdiction, the district court
9  shall have supplemental jurisdiction over all other claims that are so related that they form part of
10 the same case.  28 U.S.C. § 1367.  The "same case" requirement is satisfied by an affirmative
11 showing the claims arose out of a "common nucleus of operative facts." *United Mine Workers of*
12 *America v. Gibbs*, 383 U.S. 715, 725 (1966).  All injuries alleged herein arose from the same
13 accident and have a common nucleus of operative facts.  It would make little sense to sever two of
14 the Plaintiffs from the third and try the same case in different jurisdictions, with different juries.
15       IT IS THEREFORE ORDERED that **Plaintiff's [sic] Motion to Remand Action to**
16 **District Court for the State of Nevada** (#7, and refiled as #8) is DENIED.
17       Dated: June 23, 2009.

_____
Roger L. Hunt
**Chief United States District Judge**

2